IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEBORAH WESTBROOK,** | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1291-D |
| | § | |
| **MOSELEY, et al.,** | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an unspecified civil action brought by a *pro se* litigant.

Parties:  Plaintiff resides in Arlington, Texas.  Defendants are Moseley, Attorney at Law Moseley & Moseley, and Kerry E. Moseley.

Although the court granted Plaintiff's motion to proceed *in forma pauperis*, it did not issue process in this case.  The court then issued a questionnaire to Plaintiff limited to the issue of subject matter jurisdiction.  Plaintiff answered the questionnaire on August 26, 2009.  On the same date, she submitted a motion to amend the complaint.[1]

Findings and Conclusions:  28 U.S.C. § 1391(b), which governs venue of a federal cause

---

[1]  The motion is not accompanied by a proposed amended complaint in accordance with this court's local rules.  *See* Local Rule 15.1 (providing that a motion for leave to file an amended pleading must be accompanied by the proposed amended pleading).

of action, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff's answers to the magistrate judge's questionnaire clarify for the first time that the events giving rise to the complaint occurred in Fort Worth, Texas, where the Defendants reside.  In her motion to amend, Plaintiff seeks to sue additional Fort Worth defendants.

The city of Fort Worth is located in Tarrant County, which lies within the Northern District of Texas, Fort Worth Division.  *See* 28 U.S.C. § 124(a)(2).  Because Plaintiff's claims arise out of events that occurred in and involve Defendants from Tarrant County, the court has the authority to transfer this case for the convenience of the parties and witnesses, and in the interest of justice, to the Fort Worth Division.

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404.  Under this statute the court may transfer a case upon a motion or *sua sponte*.  *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).  "Decisions to effect § 1404 transfers are committed to the sound discretion of the transferring judge . . . ."

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be transferred to the Fort Worth Division of the Northern District of Texas for further proceedings.

Signed this 29th day of October, 2009.

*(signature)*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).